COOK, Justice
(dissenting).
I dissent from the majority’s granting of Breman’s petition for a writ of mandamus directing Judge King either to dismiss the Jefferson County action as to Breman or, alternatively, to transfer that action to Cull-man County. The majority is awarding Bre-man for what I believe amounts to procedural posturing intended to force the plaintiffs to bring their wrongful-death action as a counterclaim to the declaratory-judgment action in Cullman County. Breman was informed that a potential basis for its liability was its alleged violation of certain Cullman County Board of Health swimming pool regulations. When Breman learned of its possible liability on that basis, it sought a declaratory judgment in Cullman County.
I also do not believe two actions for the same cause would exist if the Jefferson County litigation is not dismissed. The purpose of Ala.Code 1975, § 6-5-440 (the rule against prosecuting two actions at the same time for the same cause against the same party) is obviously to avoid a multiplicity of actions, inconsistent results, and harassing litigation. However, that situation does not exist here. The Jefferson County action includes several defendants other than Bre-man, and the declaratory-judgment action, brought by Breman to determine its classification under the Cullman County Board of Health swimming pool regulations, may be adjudicated without determining the facts in the wrongful-death action in Jefferson County.
Directing the Jefferson County Circuit Court to dismiss the plaintiffs’ action against Breman, or alternatively, to transfer it to Cullman County will force the plaintiffs either to drop their wrongful-death action against Breman or to bring it as a counterclaim in the Cullman County action. If the *853 plaintiffs choose to proceed in Cullman County, they will be required to cross-claim against the additional defendants. I believe this is unnecessary, when neither the same causes nor the same parties are involved in the two cases. Therefore, I dissent.
KENNEDY, J., concurs.